IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESUS M. TORRES,** | : |
| Plaintiff, | : CIVIL NO. 3:CV-05-0932 |
| v. | : (JUDGE CAPUTO) |
| **D.O. STANLEY BOHINSKI, et al.,** | : |
| Defendants. | : |

## O R D E R

Plaintiff, Jesus M. Torres, an inmate at the State Correctional Institution in Dallas ("SCI-Dallas"), Pennsylvania, commenced this action with a *pro se* civil rights complaint filed in the Luzerne County Court of Common Pleas in Wilkes-Barre, Pennsylvania. Named as Defendants are the following SCI-Dallas officials: D.O. Stanley Bohinski; M.D. Stanley Stanish; and P.A. Cheryl Wisniewski. Plaintiff claims that while incarcerated at SCI-Dallas Defendants have denied him appropriate medical care.

On May 6, 2005, Defendants filed a notice of removal (Doc. 1-1) of the case, removing this case to the United States District Court for the Middle District of Pennsylvania. Presently before the Court is the Defendants' motion to dismiss (Doc. 2) Plaintiff's complaint. A brief in support of the motion was filed contemporaneously. Although Plaintiff's brief in opposition to the motion is now overdue, he has neither made an appropriate filing nor requested an extension of time in which to do so.

A dispositive motion generally may not be granted merely because it is unopposed. Since Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Board of Tax*

*Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. The Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Local Rule 7.6 provides that if a party fails to file an opposing brief within fifteen (15) days after service of the movant's brief, the motion will be deemed unopposed. Based on his failure to take any action in response to motion to dismiss, it would appear that Plaintiff may have abandoned interest in pursuing this matter. However, the Court will grant additional time for the Plaintiff to respond to the motion and direct him to file a brief in opposition within twenty (20) days. If Plaintiff fails to oppose the motion or otherwise communicate with the Court within twenty (20) days of the date of this Order, the Court may consider dismissing this case for failure to prosecute and failure to comply with a court Order under FED.R.Civ.P. 41(b). If Plaintiff fails to respond accordingly, the motion may be deemed unopposed and granted without a merits analysis. Moreover, if Plaintiff fails to oppose the motion or otherwise communicate with the Court within twenty (20) days of the date of this order, the Court may also consider dismissing this case for failure to prosecute and failure to comply with a court order under FED.R.Civ.P. 41(b).

**AND NOW, THEREFORE, THIS 9th DAY OF JUNE, 2005, IT IS HEREBY ORDERED THAT** Plaintiff shall file a brief in opposition to Defendant's motion to dismiss within twenty (20) days of the date of this Order. If Plaintiff fails to file the brief in opposition the Court will deem the motion unopposed under M.D.Pa. Local Rule 7.6, and dismiss the

case without a merits analysis.  *See* M.D. Pa. Local Rule 7.6; FED.R.Civ.P. 41(b);

*Stackhouse v. Mazurkiewicz*, 951 F.2d  29, 30 (3d Cir. 1991).

                                                 /s/ A. Richard Caputo
                                                 A. RICHARD CAPUTO
                                                 United States District Judge