IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS M. TORRES, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-0932 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| D.O. STANLEY BOHINSKI, et al., | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**I.   Introduction**

Plaintiff, Jesus M. Torres, an inmate at the State Correctional Institution in Dallas ("SCI-Dallas"), Pennsylvania, commenced this action with a *pro se* civil rights complaint filed in the Luzerne County Court of Common Pleas in Wilkes-Barre, Pennsylvania.  Named as Defendants are Patricia Ginocchetti, Superintendent Wynder, and Prime Medical Service, as well as the following SCI-Dallas officials ("Dallas Defendants"): D.O. Stanley Bohinski; M.D. Stanley Stanish; and P.A. Cheryl Wisniewski.  Plaintiff claims that while incarcerated at SCI-Dallas, Defendants have denied him appropriate medical care, and he alleges claims under Pennsylvania law and the Pennsylvania Constitution for deprivation of rights (Count I), medical malpractice (Count II), negligence (Count III), and intentional infliction of emotional distress (Count IV).

On May 6, 2005, the Dallas Defendants filed a notice of removal (Doc. 1-1), removing the case from state court to this Court, based upon an interpretation of Count I of the complaint as a civil rights claim filed under 42 U.S.C. §1983.  Subsequently, the Dallas Defendants filed a motion to dismiss (Doc. 2) Plaintiff's complaint together with a supporting brief.  In response to the motion, Plaintiff filed a "motion in objection" (Doc. 5) to

Defendants' motion, which the Court construes as a brief in opposition to the motion. The matter is now ripe for disposition. For the following reasons, Defendants' motion to dismiss will be denied, and the case will be remanded to the Luzerne County Court of Common Pleas.

## II. Discussion

### A. Removal to Federal Court

Under the provisions of 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Since Defendants interpreted Count I of Plaintiff's complaint to allege a claim under 42 U.S.C. § 1983, Defendants filed a notice of removal of this action under § 1441(a) to transfer the matter to this Court.

### B. Section 1983 Claim

In order to set forth a viable § 1983 claim, Plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the **Constitution or laws of the United States**. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Although Count I of Plaintiff's complaint does allege "deprivation of his Constitutional rights by Defendants . . . acting under color of state law" (Doc. 1-1 at 11, ¶ 1), thereby ostensibly establishing original jurisdiction in this Court, the allegations are not made in a vacuum. In the preliminary statement, Plaintiff states that he seeking redress for the

"refusal of Medical treatment, brought pursuant to the Pennsylvania Political Subdivision Tort Claims Act and Sovereign Immunity Act . . . with a joiner (sic) of action for Civil rights violation pursuant to [Pennsylvania law] . . . [and for interference] with his rights and privileges protected under . . . the Constitution of Pennsylvania." (Doc. 1-1 at 6.) Moreover, in the jurisdiction section and in the venue section, Plaintiff relies exclusively upon Pennsylvania statutes as a basis for his complaint.  Furthermore, in his brief in opposition to Defendants' motion, Plaintiff states that he "submitted his complaint under Pennsylvania Political subsection Tort claims Act and Sovereign Immunity Act . . . with a violation of Pennsylvania's Constitution . . . ." (Doc. 5 at 2.)  Construing the complaint as a whole, the Court concludes that Plaintiff does not seek to raise a federal civil rights claim in his complaint, and the Court lacks subject matter jurisdiction.  Therefore removal of the complaint to this Court is inappropriate.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added). Consequently, since this Court concludes that it lacks subject matter jurisdiction, the case will be remanded to the Luzerne County Court of Common Pleas.  An appropriate Order follows.

Dated: March 24, 2006         /s/ A. Richard Caputo
                              A. RICHARD CAPUTO
                              United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESUS M. TORRES,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-05-0932** |
| | : | |
| v. | : | **(JUDGE CAPUTO)** |
| | : | |
| **D.O. STANLEY BOHINSKI, et al.,** | : | |
| | : | |
| Defendants. | : | |

## O R D E R

**AND NOW, THIS 24th DAY OF MARCH, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss (Doc. 2) Plaintiff's complaint is **DENIED.**

2. The Clerk of Court is directed to remand this case to the Luzerne County, Pennsylvania, Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

3. The Clerk of Court is directed to **CLOSE** this case.

 /s/ A. Richard Caputo
 A. RICHARD CAPUTO
 United States District Judge